IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
HARRISBURG VICINAGE

| | |
|---|---|
| JEANNE PETTIS,<br>　　　　Plaintiff,<br><br>　　v.<br><br>GILLIGAN'S BAR & GRILL, INC.,<br>　　　　Defendant. | DOCKET NO. 1:24-CV-01437<br><br>Honorable Yvette Kane<br><br>Jury Trial Demanded |

## ANSWER & AFFIRMATIVE DEFENSES TO COMPLAINT

**SUMMERS, McDONNELL, HUDOCK,
GUTHRIE & RAUCH, P.C.**

By:　Kevin D. Rauch, Esquire
　　　Pa. I.D. 83058
　　　Carrie J. McConnell, Esquire
　　　Pa. I.D. 311501
　　　Counsel for Defendant
　　　945 E. Park Drive, Suite 201
　　　Harrisburg, PA 17111
　　　(717) 901-5916
　　　krauch@summersmcdonnell.com
　　　cmcconnell@summersmcdonnell.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
HARRISBURG VICINAGE

| | |
|---|---|
| JEANNE PETTIS,<br>    Plaintiff, | DOCKET NO. 1:24-CV-01437 |
| | Honorable Yvette Kane |
| v. | |
| GILLIGAN'S BAR & GRILL, INC.,<br>    Defendant. | Jury Trial Demanded |

## ANSWER & AFFIRMATIVE DEFENSES TO CIVIL ACTION COMPLAINT

AND NOW, comes the Defendant, Gilligan's Bar & Grill, Inc., by and through its counsel, Summers, McDonnell, Hudock, Guthrie & Rauch, P.C., and files the following Answer and Affirmative Defenses and in support thereof avers as follows:

### JURISDICTION AND VENUE[1]

1. This paragraph references the Complaint which is a document that speaks for itself and therefore no response is required. To the extent that a response is deemed necessary, the Defendant specifically denies that it engaged in any unlawful acts against the Defendant in violation of these statutes and that Plaintiff is entitled to any damages.

---

[1] The Defendant uses the Plaintiff's heading for purposes of organization only.

2. The Defendant does not contest that this Court has jurisdiction over this matter.

3. The Defendant does not contest that venue is proper with this Court.

## THE PARTIES

4. Admitted, upon information and belief.

5. Admitted in part, denied in part. It is admitted that the Defendant is a business that operates in Dauphin County and Cumberland County, Pennsylvania. The remaining allegations are denied. Strict proof thereof is demanded at the time of trial.

6. Admitted.

7. Admitted.

## ADMINISTRATIVE PROCEEDINGS

8. Admitted.

9. Denied as stated. On June 4, 2024, the EEOC issued a Notice of Dismissal and Right to Sue to the Plaintiff. This is a written document which speaks for itself.

10. Paragraph 10 is denied as a conclusion of law and the Defendant respectfully refers all conclusions of law to the Court.

# STATEMENT OF FACTS

11. Admitted.

12. Paragraph 12 is denied as a conclusion of law and the Defendant respectfully refers all conclusions of law to the Court.

13. Paragraph 13 is denied as a conclusion of law and the Defendant respectfully refers all conclusions of law to the Court.

14. Denied. Strict proof thereof is demanded at the time of trial.

15. After reasonable investigation, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. To the extent that a response is deemed necessary, the averments are denied. Strict proof thereof is demanded at the time of trial.

16. Admitted in part, denied. It is admitted only that the Plaintiff reported Mr. Hill to management. The remaining averments are denied. Strict proof thereof is demanded at the time of trial.

17. Denied. Strict proof thereof is demanded at the time of trial.

18. Admitted in part, denied in part. It is admitted only that on November 3, 2022, the Plaintiff spoke with Belinda Edsall and alleged that James Hill had made inappropriate sexual comments to her. The remaining averments are denied. Strict proof thereof is demanded at the time of trial.

19. Admitted in part, denied in part. It is admitted only that on November 5, 2022, the Plaintiff met with Belinda Edsall, George Lois, and Kosta Lois. The remaining averments are denied. Strict proof thereof is demanded at the time of trial.

20. Admitted in part, denied in part. It is admitted only that on November 5, 2022, Kosta Lois notified the Plaintiff that some of her bartending shifts would be given to a recently hired bartender to give him some experience. The remaining averments are denied. Strict proof thereof is demanded at the time of trial.

21. Admitted in part, denied in part. It is admitted only that the Plaintiff met with Belinda Edsall, George Lois, and Kosta Lois on November 5, 2022, and that George Lois questioned the Plaintiff's allegations. The remaining averments are denied. Strict proof thereof is demanded at the time of trial.

22. Denied. Strict proof thereof is demanded at the time of trial.

23. Denied. Strict proof thereof is demanded at the time of trial.

24. Denied. Strict proof thereof is demanded at the time of trial.

25. Denied. Strict proof thereof is demanded at the time of trial.

26. Denied. Strict proof thereof is demanded at the time of trial. By way of further response, during her shift on December 7, 2022, the Plaintiff began yelling at the bartender in front of customers. As a result, Kosta Lois asked Ms. Pettis to stop. The Plaintiff then yelled at Kosta Lois in front of customers and

accused the managers and owners of Gilligan's of racism and sexism. The Plaintiff then threatened to sue the Defendant.

27. Denied. Strict proof thereof is demanded at the time of trial. By way of further response, the Plaintiff was terminated for insubordinate conduct.

28. Denied. Strict proof thereof is demanded at the time of trial.

## COUNT I – TITLE VII VIOLATIONS
## SEXUALLY HOSTILE WORK ENVIRONMENTS

29. The Defendant reiterates and repeats it responses in Paragraphs 1 through 28 as if fully set forth at length therein.

30. Paragraph 30 is denied as a conclusion of law and the Defendant respectfully refers all conclusions of law to the Court.

31. Paragraph 31 is denied as a conclusion of law and the Defendant respectfully refers all conclusions of law to the Court.

32. Paragraph 32 is denied as a conclusion of law and the Defendant respectfully refers all conclusions of law to the Court.

33. Paragraph 33 is denied as a conclusion of law and the Defendant respectfully refers all conclusions of law to the Court.

WHEREFORE, the Defendant respectfully requests that this Honorable Court enter judgment in its favor and against the Plaintiff with fees, costs and prejudice imposed.

## COUNT II – TITLE VII VIOLATIONS
## RACIALLY HOSTILE WORK ENVIRONMENTS

34. The Defendant reiterates and repeats it responses in Paragraphs 1 through 33 as if fully set forth at length therein.

35. Paragraph 35 is denied as a conclusion of law and the Defendant respectfully refers all conclusions of law to the Court.

36. Paragraph 36 is denied as a conclusion of law and the Defendant respectfully refers all conclusions of law to the Court.

37. Paragraph 37 is denied as a conclusion of law and the Defendant respectfully refers all conclusions of law to the Court.

38. Paragraph 38 is denied as a conclusion of law and the Defendant respectfully refers all conclusions of law to the Court.

WHEREFORE, the Defendant respectfully requests that this Honorable Court enter judgment in its favor and against the Plaintiff with fees, costs and prejudice imposed.

## COUNT III – TITLE VII VIOLATIONS
## RETALIATION

39. The Defendant reiterates and repeats it responses in Paragraphs 1 through 38 as if fully set forth at length therein.

40. Paragraph 40 is denied as a conclusion of law and the Defendant respectfully refers all conclusions of law to the Court.

41. Paragraph 41 is denied as a conclusion of law and the Defendant respectfully refers all conclusions of law to the Court.

WHEREFORE, the Defendant respectfully requests that this Honorable Court enter judgment in its favor and against the Plaintiff with fees, costs and prejudice imposed.

## COUNT IV – VIOLATIONS OF SECTION 1981
## DISCRIMINATION AND HARASSMENT

42. The Defendant reiterates and repeats it responses in Paragraphs 1 through 41 as if fully set forth at length therein.

43. Paragraph 43 is denied as a conclusion of law and the Defendant respectfully refers all conclusions of law to the Court.

44. Paragraph 44 is denied as a conclusion of law and the Defendant respectfully refers all conclusions of law to the Court.

[sic 33]. Paragraph [sic 33] is denied as a conclusion of law and the Defendant respectfully refers all conclusions of law to the Court.

WHEREFORE, the Defendant respectfully requests that this Honorable Court enter judgment in its favor and against the Plaintiff with fees, costs and prejudice imposed.

# COUNT V – VIOLATION OF SECTION 1981
# RETALIATION

45. The Defendant reiterates and repeats it responses in Paragraphs 1 through 44 as if fully set forth at length therein.

46. Paragraph 46 is denied as a conclusion of law and the Defendant respectfully refers all conclusions of law to the Court.

47. Paragraph 47 is denied as a conclusion of law and the Defendant respectfully refers all conclusions of law to the Court.

48. Paragraph 48 is denied as a conclusion of law and the Defendant respectfully refers all conclusions of law to the Court.

WHEREFORE, the Defendant respectfully requests that this Honorable Court enter judgment in its favor and against the Plaintiff with fees, costs and prejudice imposed.

# COUNT VI – VIOLATION OF PHRA
# HOSTILE WORK ENVIRONMENT

49. The Defendant reiterates and repeats it responses in Paragraphs 1 through 48 as if fully set forth at length therein.

50. Paragraph 50 is denied as a conclusion of law and the Defendant respectfully refers all conclusions of law to the Court.

51. Paragraph 51 is denied as a conclusion of law and the Defendant respectfully refers all conclusions of law to the Court.

52. Paragraph 52 is denied as a conclusion of law and the Defendant respectfully refers all conclusions of law to the Court.

53. Paragraph 53 is denied as a conclusion of law and the Defendant respectfully refers all conclusions of law to the Court.

54. Paragraph 54 is denied as a conclusion of law and the Defendant respectfully refers all conclusions of law to the Court.

55. Paragraph 55 is denied as a conclusion of law and the Defendant respectfully refers all conclusions of law to the Court.

### COUNT VII – VIOLATION OF PHRA
### RETALIATION

56. The Defendant reiterates and repeats it responses in Paragraphs 1 through 55 as if fully set forth at length therein.

57. Paragraph 57 is denied as a conclusion of law and the Defendant respectfully refers all conclusions of law to the Court.

58. Paragraph 58 is denied as a conclusion of law and the Defendant respectfully refers all conclusions of law to the Court.

59. Paragraph 59 is denied as a conclusion of law and the Defendant respectfully refers all conclusions of law to the Court.

WHEREFORE, the Defendant respectfully requests that this Honorable Court enter judgment in its favor and against the Plaintiff with fees, costs and prejudice imposed.

# PRAYER FOR RELIEF

WHEREFORE, the Defendant respectfully requests that this Honorable Court enter judgment in its favor and against the Plaintiff with fees, costs and prejudice imposed.

## Affirmative Defense One

1. Plaintiff fails, in whole or in part, to state a claim or claims upon relief may be granted, or upon which the relief sought can be awarded.

## Affirmative Defense Two

2. Plaintiff's claims are or may be barred, in whole or in part, by the applicable statute of limitations.

## Affirmative Defense Three

3. Plaintiff's claims and requested relief may be barred, in whole or in part, by application of doctrine of unclean hands, laches, waiver, estoppel and/or setoff.

## Affirmative Defense Four

4. Plaintiff's claims are barred by her failure to exhaust administrative remedies.

### Affirmative Defense Five

5. Plaintiff's claims are barred by her failure to exhaust internal administrative remedies.

### Affirmative Defense Six

6. Plaintiff has waived her ability to set forth any other claim or complaint in any other forum based upon any law or theory which is not premised in this Complaint.

### Affirmative Defense Seven

7. Any loss or damages allegedly sustained by Plaintiff was caused by the acts or omissions of Plaintiff.

### Affirmative Defense Eight

8. Plaintiff is not entitled to compensatory, equitable, liquidated or punitive damages.

### Affirmative Defense Nine

9. At all relevant times, Defendant acted in accordance with Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §1981 ("Section 1981") and the Pennsylvania Human Relations Act ("PHRA").

### Affirmative Defense Ten

10. Plaintiff's claims are barred in whole or in party by Plaintiff's failure to mitigate her damages.

### **Affirmative Defense Eleven**

11. Plaintiff did not suffer quantifiable damages or economic loss.

### **Affirmative Defense Twelve**

12. All decisions regarding Plaintiff's employment were made for legitimate non-discriminatory and non-retaliatory reasons unrelated to any membership in any protected class or any protected activity.

### **Affirmative Defense Thirteen**

13. Defendant did not unlawfully discriminate against Plaintiff as defined in Title VII, Section 1981, PHRA, or any other applicable laws.

### **Affirmative Defense Fourteen**

14. Plaintiff's termination was not retaliatory.

### **Affirmative Defense Fifteen**

15. Defendant's did not unlawfully retaliate against Plaintiff under Title VII, Section 1981, PHRA or any other applicable laws.

### **Affirmative Defense Sixteen**

16. Plaintiff has failed to set forth a prima facie claim in support of each and every cause of action set forth or purported to be set forth in her Complaint and she will be unable to establish the necessary elements in support of each cause of action at trial.

### Affirmative Defense Seventeen

17. Plaintiff has failed to allege any circumstance in which she could obtain recovery under Title VII, Section 1981, PHRA or any other applicable laws.

### Affirmative Defense Eighteen

18. Plaintiff was lawfully discharged from employment and such conduct was privileged and/or justified.

### Affirmative Defense Nineteen

19. At all relevant times, Defendant acted in accordance with its own policies and procedures, which comply with applicable federal and state laws and regulations.

### Affirmative Defense Twenty

20. Defendant maintains policies against discrimination and harassment and a reasonable and available procedure for handling complaints thereof which provide for prompt and responsive action. These polices were communicated to Plaintiff. Plaintiff's claims are barred because: (1) Defendant took reasonable steps to prevent and correct workplace discrimination and harassment; (2) Plaintiff unreasonably failed to use the preventive and corrective measures that Defendant provided; and (3) reasonable use of Defendant's procedures would have prevented at least some of the harm that Plaintiff allegedly suffered.

### Affirmative Defense Twenty-One

21. If Plaintiff suffered any injuries or damages, said injuries or damages are not due to the acts of the Defendant.

Defendant reserves the right to amend its Answer to add affirmative defenses as they become available.

WHEREFORE, the Defendant respectfully requests that this Honorable Court enter judgment in its favor and against the Plaintiff with fees, costs and prejudice imposed.

### JURY TRIAL DEMANDED

Respectfully submitted,

**SUMMERS, McDONNELL, HUDOCK GUTHRIE & RAUCH, P.C.**

By: _____
Kevin D. Rauch, Esquire
Pa. I.D. 83058
Carrie J. McConnell, Esquire
Pa. I.D. 311501
Counsel for Defendant
945 E. Park Drive, Suite 201
Harrisburg, PA 17111
(717) 901-5916
krauch@summersmcdonnell.com
cmcconnell@summersmcdonnell.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 18th day of October, 2024, a true and correct copy of the foregoing **ANSWER & AFFIRMATIVE DFENSES** was filed electronically with the Clerk of the District Court using its CM/ECF system, which will then electronically notify the following CM/ECF participants on this case:

Derrek W. Cummings, Esq.
dcummings@weisbergcummings.com
Larry A. Weisberg, Esq.
lweisberg@weisbergcummings.com
Michael J. Bradley, Esq.
mbradley@weisbergcummings.com
Steve T. Mahan, Esq.
smahan@weisbergcummings.com
Weisberg Cummings P.C.
2704 Commerce Drive, Ste. B
Harrisburg, PA 17110
(Attorneys for Plaintiff)

Respectfully submitted,

**SUMMERS, McDONNELL, HUDOCK GUTHRIE & RAUCH, P.C.**

By: _____
Kevin D. Rauch, Esquire
Pa. I.D. 83058
Carrie J. McConnell, Esquire
Pa. I.D. 311501
Counsel for Defendant
945 E. Park Drive, Suite 201
Harrisburg, PA 17111
(717) 901-5916
krauch@summersmcdonnell.com
cmcconnell@summersmcdonnell.com