# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEANNE PETTIS,** | : | |
| Plaintiff | : | No. 1:24-cv-01437 |
| v. | : | |
| | : | (Judge Kane) |
| **GILLIGAN'S BAR & GRILL, INC.,** | : | |
| Defendant | : | |

## ORDER REFERRING CASE TO MEDIATION
## AND APPOINTING MEDIATOR

This case is referred to court-annexed mediation in accordance with Standing Order 04-3, *In Re Authorizing Systematic Random Mandatory Mediation Referrals in Certain Case Types*, (July 26, 2004).  **ACCORDINGLY**, **IT IS HEREBY ORDERED THAT:**

(1)  The following individual is hereby appointed by the Court to serve as a mediator in this action:

| | |
|---|---|
| Name of Mediator: | Timothy E. Gates, Esq. |
| | Myers, Brier & Kelly, LLP |
| | 240 North Third Street, 5th Floor |
| | Harrisburg, PA  17101 |
| Telephone No.: | 717-553-6250 |

(2)  The mediation conference(s) shall be scheduled by the mediator after conferring with counsel and take place within the next sixty (60) days.

(3)   The mediation conference shall be conducted in accordance with M.D. Pa. Local Rule 16.8.6.

(4) In accordance with M.D. Pa. Local Rule 16.8.3, the first six (6) hours of mediation services shall be provided pro bono.  After six (6) hours, the parties and mediator shall agree to terminate the mediation or to continue on a pro bono or hourly-pay basis in accordance with Rule 16.8.3.

(5) The Clerk of Court is directed to cause a copy of this order to be served on the Mediator and to forward to him/her a copy of the Docket Sheet.

2

(6) The mediator shall file the attached Mediation Report at the conclusion of the mediation.

(7) Counsel are advised that their clients or client representatives with <u>complete</u> authority to negotiate and consummate a settlement shall be in attendance at the mediation conference.  The purpose of this requirement is to have in attendance a representative who has both the authority to exercise his or her own discretion and the realistic freedom to exercise such discretion without negative consequences, in order to settle a case during the mediation conference, if appropriate, without consulting someone else who is not present.

(8) Counsel appearing for the mediation conference without their client representatives authorized as described above, may, in the discretion of the mediator, cause the mediation to be canceled or rescheduled.  The non-complying party/attorney or both may be assessed the costs or expenses incurred by other parties as a result of such cancellation or rescheduling, as well as any additional sanctions deemed appropriate by the court.  Counsel are responsible for timely advising any involved non-party insurance company of the requirements of this order.

<u>s/ Yvette Kane</u>
YVETTE KANE, District Judge
United States District Court
Middle District of Pennsylvania

Dated:  December 19, 2024

3
# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEANNE PETTIS,** | : | |
| Plaintiff | : | No. 1:24-cv-01437 |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| **GILLIGAN'S BAR & GRILL, INC.,** | : | |
| Defendant | : | |

## MEDIATION REPORT

In accordance with the Court's mediation order, a mediation conference was held on _____, 2025, and the results of that conference are indicated below:

_____    The case has been completely settled.

_____    The case has been partially settled.

_____    No settlement reached.

_____    The parties have reached an impasse.  The parties and the mediator agree that a future mediation conference(s) may be beneficial and will engage in additional discussions if appropriate.


_____
Signature of Mediator

_____
Name of Mediator

_____
Date